

Jane Doe, Next of Kin
P.O. Box 1735
San Juan Capistrano, CA 92693
Telephone: (949) 547-7119

Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ARKANSAS

JANE DOE as Next of Kin,

          **PLAINTIFF,**

**vs.**

MARION COUNTY, Arkansas; JIM
COLLINS, MARION COUNTY
CORONER, in his official and
individual capacity,

          **DEFENDANTS.**

Case No.: 4:24-CV-00071-LPR-JTK

**COMPLAINT FOR:**

**42 U.S.C. §1983 - Violation of the Due
Process clause of the 14th
Amendment of the United States
Constitution.**

**A.C.A. § 16-123-401 – The Religious
Freedom Restoration Act**

**Jury Trial Demanded**
_____

**Petition for Appointment of
Administrator**

## I. JURISDICTION

1. <u>Federal Diversity Jurisdiction</u>: This Court has jurisdiction under 28
U.S.C. § 1332 because Plaintiff is a citizen of California, Defendants are citizens
of Arkansas and the amount in controversy is greater than $75,000.

2. <u>Federal Question Jurisdiction</u>: This Court has jurisdiction under 28
U.S.C. §1331 because this case involves a violation of the U.S. Constitution and
Federal Statute 42 U.S.C. § 1983.

3. <u>Probate Jurisdiction</u>: Jurisdiction falls outside of the "Probate
Exception" because the Res is not in the custody of state probate court, the
probate issues are ancillary to the core, substantial Consitutional and Federal Law

1

This case assigned to District Judge Rudofsky
and to Magistrate Judge Kearney

***egregious violations committed by Defendant Marion County***, including cremating Plaintiff's father without Plaintiff's knowledge or consent, *See Marshall v. Marshall*, 547 U.S. 293. As this Honorable Court is a Court of Equity, it would be grossly inequitable to have the probate related matters heard in Marion County, the same County that has continued to violate Plaintiff's Civil Rights. In addition, as the facts in this complaint show, Marion County has unclean hands, therefore, Principles of Equity bar this matter from being heard in the County. The Plaintiff's Verified Petition for Appointment of Administrator is filed herein as Attachment "1."

## II. VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b).

## III. PARTIES

5. The Plaintiff, Jane Doe, Next of Kin, is an attorney licensed in the State of California and the State of Oregon. Due to the horrific, tragic events as stated herein, Plaintiff is filing this case as "Jane Doe as Next of Kin."  Jane Doe, Next of Kin, resides in California.

6. Defendant Marion County, ("County") Arkansas is located in the Central District of Arkansas.

7. Defendant Jim Collins, Marion County Coroner, ("Coroner") is a resident of Marion County Arkansas.

## IV. STATEMENT OF FACTS

8. On January 9, 2024, Plaintiff called the Marion County Sheriff to request a welfare check on Plaintiff's veteran father because he had not responded to Plaintiff's Holiday email.

2

9. To Plaintiff's shock and horror, the Defendant County Coroner informed Plaintiff that Plaintiff's father was deceased and had cremated Plaintiff's father's body.

10. Plaintiff was outraged and horrified that Defendants cremated her father's body without Plaintiff's knowledge or consent and against Plaintiff's religious beliefs.

11. Defendant County Coroner refused to provide any other information about Plaintiff's father, including date of death, time of death, and cause of death.

12. Defendant County Sheriff employee told Plaintiff that the investigator would contact Plaintiff the next day to provide Plaintiff's father's death investigation details and he never did.

13. The Defendant County Coroner stated that he could not find Plaintiff, the next of kin.

14. This statement is false, Plaintiff's father's full name connects to Plaintiff's name and other family members to the San Juan Capistrano PO Box where Plaintiff's father to date receives mail.

15. Plaintiff is a California State Bar Attorney whose contact information can be found on the internet: name, phone number, address and internet search connects Plaintiff to her father's name (same last name).

16. The Defendant Coroner claimed that he dispatched the Washington State police to conduct a search for Plaintiff's sister; yet, the Defendant County and Defendant Coroner failed to search for Plaintiff, ignoring the fact that our family surname is not common.

17. The Defendant Coroner's telephone information to Plaintiff and the County Sheriff's information on email was contradicting, including the date of death.

18. The Sheriff claimed on email to Plaintiff that he dispatched a search for Plaintiff's sister in Tulare County, California, but he failed to search for Plaintiff who resides in California.

19.    The County Coroner, the County Sheriff Department, the County investigator have investigation and search resources yet failed to search for family members.

20.    Both the Defendant County Coroner and the County Sheriff knew about Plaintiff's sister, but did not pursue her whereabouts further (Plaintiff has been trying to locate her sister and discovered that Plaintiff's sister was a victim of identity theft/mail fraud, therefore, fingerprints and current picture will be required for true identification.) See Exhibit "A."

21.    As a result, Defendants failed in their diligent duty to investigate and search for next of kin, instead, the County Coroner made his own decision to cremate Plaintiff father's body without family permission, refusing to notify Plaintiff or Plaintiff's family members of Plaintiff's father's death.

22. Later, Plantiff was shocked when the County told Plaintiff that Defendant Coroner is also the director of the funeral home who cremated Plaintiff's father without permission, a violation of Arkansas Code §14-14-1202.

23. Because of Defendant Coroner's conflict of interest, Plaintiff has disturbing questions, such as: Was an autopsy performed to investigate cause, time, date of death?; Were organs, body parts, and/or tissues sold?; Are the remains really Plaintiff's father's ashes?; Was the body properly identified if no family members were contacted?; Who identified the body?; Were fingerprints taken from the body?; and Was the Department of Veterans Affairs contacted to identify the body?

24. This is extremly shocking and disturbing to Plaintiff, an extreme hardship to Plaintiff because she is out of state.

25. The Defendants continue to refuse to provide information regarding what the County did or is doing to Plaintiff's father's property

26. Plaintiff's father was a Veteran, has a family and has family burial crypts in California and he was burned like trash.

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**42 U.S.C. §1983 - Violation of the Due Process clause of the 14th Amendment of the United States Constitution.**

27. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-26, as if fully set forth herein.

28. Defendants, while acting under the color of the law, violated Plaintiff's constitutional rights by cremating Plaintiff's father's body without Plaintiff's knowledge or consent, intentionally concealing Plaintiff's father's death, intentionally failing to exercise due diligence to locate next of kin in direct violation of Arkansas Law, as described herein throughout, thereby depriving the Plaintiff's right to possession of her father's intact body, which resulted in Plaintiff's injuries.

29. Defendants, while acting under the color of the law, violated Plaintiff's constitutional rights by intentionally concealing Plaintiff's father's death, providing conflicting information, intentionally delaying, intentionally failing to exercise due diligence to locate Plaintiff, next of kin in direct violation of Arkansas Law, in order to take Plaintiff's interest in her father's property as described herein throughout, thereby intentionally damaging Plaintiff, which resulted in Plaintiff's injuries.

30. Defendants actions violated the constitutional rights guaranteed to Plaintiff by the Fourteenth Amendment of the United States Constitution.

5

31. Defendants actions were not taken in good-faith and were in violation of clearly established law.

32. Defendants actions were unnecessary, unreasonable, unlawful, and unjustified.

33. As a direct and proximate result of the Defendants' unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, mental anguish, embarrassment, humiliation, pain, suffering, and emotional distress so severe, no reasonable person could be expected to endure it.

34. Because of Defendants' actions, and possibly other employees, agents, and/or representatives of Marion County, were "motivated by evil motive or intent" and/or "involve[d] a reckless or callous indifference to the federally protected rights of [the Plaintiff]," an award of punitive damages is appropriate to the fullest extent permitted by law. *See Morning v. Dillon Cty.*, No.: 4:15-cv-03349-RBH-TER, 2018 U.S. Dist. LEXIS 163072, at *12 (D. S.C. Jun. 12, 2018) (quoting *Smith v. Wade*, 461 U.S. 30 (1983)).

## SECOND CAUSE OF ACTION

**A.C.A. § 16-123-401 – The Religious Freedom Restoration Act**

35.     The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-34, as if fully set forth herein.

36. Defendants violated the Religoius Freedom Restoration Act by cremating Plaintiff's father without Plaintiff's knowledge or consent, intentionally concealing Plaintiff's father's death, intentionally failing to exercise due diligence to locate next of kin in direct violation of Arkansas Law, as described herein throughout, thereby depriving the Plaintiff's right to possession of her father's

body intact, depriving Plaintiff of her strongly held religious beliefs against cremating her father's body, which resulted in Plaintiff's injuries.

37. Defendants actions substantially burdened Plaintiff's free exercise of religion.

38. Defendants actions were unnecessary, unreasonable, unlawful, and unjustified.

39. As a direct and proximate result of the Defendants' unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, severe emotional distress, mental anguish, embarrassment, humiliation, and pain and suffering.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests judgment against the Defendants for:

a.) For the cost of Federal DNA forensic analysis of remains that Defendants' claim to be Plaintiff's father's ashes, investigation for forgery of his signature and identity theft;

b.) For an injunction to halt Defendant Marion County proceeding against Decedent's property;

c.) For the Order Appointing Admininistrator be granted (Attachment "2");

d.) For Letters of Administration to be issued (Attachment "3");

e.) For an accounting and inventory of all Decedent's property in custody or control of Defedants, held by the Defendants in the past and present;

f.) Compensatory damages for all past and future economic losses and expenses incurred by the Plaintiff as a result of the Defendants' misconduct;

g.) General damages for all past and future physical pain, mental suffering, and emotional distress suffered by the Plaintiff;

h.) Punitive damages to the fullest extent permitted by law;

i) Pre-judgment and post-judgment interest;

j.) Declare that the Defendants' acts, as alleged above, violate the Fourteenth Amendment to the United States Constitution;

 k.) Order the Defendants to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein;

l.) Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988;

and

m.) Such other further specific and general relief and additional parties as may become apparent from discovery as this matter matures for trial.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated:   January 23, 2024

By:   *Sascha Tayn*

Jane Doe Plaintiff

8

# EXHIBIT "A"

RE: Certified mail # 70210950000210860119

We believed that Sara had been picking up her mail herself sent to her General Delivery to Sara Topa (Morgan), General Delivery c/o Post Office ███████████████████████. For about 6 years we wrote to Sara and she would respond (prior she had a PO Box). Sometime last year her correspondence pattern changed and her responses seemed odd.

This year as usual we sent Sara a Birthday card in March, she did not respond (very unusual). We started inquiring. Sometime in April I called the Post Office to ask if Sara has been seen picking up her General Delivery mail, I was told that Sara had not been seen for awhile. Later I learned that Sara's mail had been placed in someone elses post office box, without our knowledge.

We were tricked to believe that Sara was receiving her mail when all along she was not. Any box owner(s) participating in this fraudulent scheme of receiving Sara's mail from General Delivery had been advancing the mail fraud for years from General Delivery to the owner(s) of the PO box, receiving Sara's mail and willfully blocked the passage of mail to Sara, tampering with Sara's mail, tricking her concerned family who believed the mail was being delivered to General Delivery and being picked up by Sara – stealing Sara's letters and packages, these are intentional deceitful and cruel acts to defraud us through the mail.

On July 1, 2022, we sent a certified letter to Sara c/o General Delivery. July 5, 2022 9:14 am, my daughter spoke to Sheila and asked her if the general delivery letter had arrived. Sheila said not yet. My daughter wanted to make sure ID was taken, Sheila said she knows what Sara looks like and doesn't need ID. My daughter insisted that she wanted ID taken. July 12, 2022 3:12 pm, my daughter called the post office and spoke to Alexandra. Per Alexandra the first notice was available for pick up (automatically generated), 2nd notice available for pick up today with 10 days for pick up. The letter was not "returned to sender" then sent to back to me certified, I want it returned back to Long Beach, Washington for investigation.

I am requesting an investigation of the PO Box owner(s) and requesting criminal backgrounds checked. It is possible that someone is pretending to be Sara, false impersonation. We want enforcement and an investigation because we want to know if someone stole Sara's Identity and anyone involved accountable in covering up. Please contact me by phone ███████████ and/or email
████████████

Thank you for your attention.

Sincerely,

██████████ (mother)

Sascha Topa (sister)



# fax

## Fax Status: Success!

**Your fax (ID: #31493368) to Post Office Inspector General at 7032482259 has been delivered successfully at 12:32 PM Eastern Daylight Time on August 1st, 2022.**

The content of your fax included 1 page of coversheet with your text and 1 page of attached documents.

Be sure to follow up with the recipient to make sure that the fax is legible and is delivered to the right person in the office. Thank you for using FaxZero.com

Savetz Publishing



# Fax Status: Success!

**Your fax (ID: #31493384) to Post Office Inspector General at 8667566741 has been delivered successfully at 12:38 PM Eastern Daylight Time on August 1st, 2022.**

The content of your fax included 1 page of coversheet with your text and 1 page of attached documents.

Be sure to follow up with the recipient to make sure that the fax is legible and is delivered to the right person in the office. Thank you for using FaxZero.com

---

Savetz Publishing



# Fax Status: Success!

**Your fax (ID: #31493851) to Post Office District Office at 2532141818 has been delivered successfully at 1:14 PM Eastern Daylight Time on August 1st, 2022.**

The content of your fax included 1 page of coversheet with your text and 1 page of attached documents.

Be sure to follow up with the recipient to make sure that the fax is legible and is delivered to the right person in the office. Thank you for using FaxZero.com

Savetz Publishing

**ATTACHMENT "1"**

1

Jane Doe, Next of Kin
P.O. Box 1735
2   San Juan Capistrano, CA 92693
Telephone: (949) 547-7119

3

Plaintiff, In Pro Per
4
## UNITED STATES DISTRICT COURT
5
## CENTRAL DISTRICT OF ARKANSAS
6

7

JANE DOE as Next of Kin,                   )
8                                          )     Case No.:
               **PLAINTIFF,**              )
9                                          )     **NOTICE OF PETITION FOR**
       **vs.**                             )     **APPOINTMENT OF**
10                                         )     **ADMINISTRATOR**
                                           )
11   MARION COUNTY, Arkansas; JIM          )     In the Matter of the Estate of Ronald
     COLLINS, an individual and in his     )     John Topa, Deceased
12   official capacity as MARION           )
     COUNTY CORONER,                       )
13                                         )
14             **DEFENDANTS.**             )
                                           )
15                                         )
                                           )
16                                         )

17   _____

18   _____

19

20

21

21

22

23

24

25

26

27

28

**Petition for Appointment of Administrator**
**In the Matter of the Estate of Ronald John Topa, Deceased**

Comes Sascha Topa, whose residence address is 25531 Purple Sage Ln., San Juan Capistrano, CA 92675 and whose interest in the estate of the above-named decedent is that of daughter of the Decedent, praying that Letters of Administration on the estate of said decedent be issued. The facts, so far as they are known to or can be reasonably ascertained by petitioner, are:

**a. Decedent**. The Decedent, Ronald John Topa, age 79 who resided at 1173 Marion County 4005, Yellville, Arkansas 72687, died intestate at 1173 Marion County 4005, Yellville, Arkansas 72687.on or about August, 2023.

**b. Surviving Spouse and Heirs**. The surviving spouse and heirs at law of the decedent, and their respective ages, relationships to the decedent, and their believed residence address are as follows:

| Name | Age | Relationship | Residence Address |
|------|-----|--------------|-------------------|
| Surviving Spouse | None | | |
| Sascha Topa | Adult | Daughter | 25531 Purple Sage Ln. |
| | | | San Juan Capistrano, CA 92675 |
| Sara Topa | Adult | Daughter | Unable to locate |

**c. Value of Estate.** The Probable value of the estate of the decedent is as follows:

| | |
|---|---|
| Real Property: | $100,000 |
| Personal Property | To be itemized after investigation |

**d. Person to be Appointed.** Petitioner nominates Sascha Topa, whose mailing address is PO Box 1735, San Juan Capistrano, CA 92693, for appointment as Adminsitrator. The nominee is qualified to be so appointed because she is decedent's daughter, she is over 21 years of age, and she is not a convicted felon.

WHEREFORE, petitioner prays this Court enter an Order determining the fact of the death and of the intesacy of the decedent, and appointing the above nominees administrator of the estate.

Respectfully submitted,

By: _Sascha Topa_

Sascha Topa, Petitioner

Page 1 of 2

**<u>VERIFICATION</u>**

STATE OF CALIFORNA
COUNTY OF ORANGE


      I, Sascha Topa, on oath state that I am the Petitioner in the above case, and as such state
that the facts contained in the foregoing Petition are true and correct to the best of my knowledge,
information and belief.

                                         _____
                                         Sascha Topa

Subscribed and sworn to before me this _____ day of _____, 2024

                              *See attached document*
                                Notary Public


_____
My Commission Expires

*Page 2 of 2*

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**     GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

_____     _____
*Signature of Document Signer No. 1*     *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of **Orange**

GUILDA GHANEM
Notary Public · California
Orange County
Commission # 2387387
My Comm. Expires Dec 18, 2025

*Place Notary Seal and/or Stamp Above*

Subscribed and sworn to (or affirmed) before me

on this **22nd** day of **January**, 20 **24**,
by ____ *Date* ____ *Month* ____ *Year*

(1) **Sascha Topa** _____

(and (2) _____ ),
*Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
*Signature of Notary Public*

──────── **OPTIONAL** ────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: **Petition for Appointment of Administrator - In the matter of the Estate of Ronald John Topa, Deceased**

Document Date: **No Date** _____ Number of Pages: **Two**

Signer(s) Other Than Named Above: **No other Signers.**

©2019 National Notary Association

M1304-08 (09/19)

**ATTACHMENT "2"**

1
2
Jane Doe, Next of Kin
P.O. Box 1735
San Juan Capistrano, CA 92693
Telephone: (949) 547-7119

3

4
Plaintiff, In Pro Per

## UNITED STATES DISTRICT COURT

5
## CENTRAL DISTRICT OF ARKANSAS

6

7
JANE DOE as Next of Kin,

8
        **PLAINTIFF,**

9
**vs.**

10

11
MARION COUNTY, Arkansas; JIM
COLLINS, an individual and in his
official capacity as MARION
COUNTY CORONER,

12

13

14
        **DEFENDANTS.**

15

16

17

Case No.:

**ORDER APPOINTING
ADMINISTRATOR**

In the Matter of the Estate of Ronald
John Topa, Deceased

18
### Order Appointing Administrator

19
On this ____ day of _____, 2024, upon consideration of the Verified

20
Petition for Appointment of Administrator, in the Matter of the Estate of Ronald

21
John Topa, Deceased, the Court finds:

21
      1. That no demand for notice of proceedings for the

22
         appointment of a Personal Representative has been

23
         filed herein, the Petition is not opposed by any known

24
         person, and the same may be decided forthwith.

25
      2. That Ronald John Topa who resided at 1173 Marion

26
         County 4005, Yellville, Arkansas 72687, died intestate

27

28

at  1173 Marion County 4005, Yellville, Arkansas 72687.

3. That this Court has jurisdiction and venue properly lies in this County.

4. That Sascha Topa is a proper person and fully qualified by law to serve as Administrator of the estate.

5. That the amount of property which may reasonably be expected to pass through the hands of the Administrator is over $100,000.

IT IS, THEREFORE, ORDERED AND ADJUDGED that administration of the estate be, and hereby is opened and Sascha Topa is hereby appointed Administrator of the estate of Decedent, and the Letters of Administration shall be issued to Administrator upon filing of her Acceptance of Appointment and filing and approval of fiduciary bond, with sufficient sureties, in the penal sum of $ __0___ .

Entered this _____ day of _____ 2024.

By: _____

United States District Judge

**ATTACHMENT "3"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
21
22
23
24
25
26
27
28

Jane Doe, Next of Kin
P.O. Box 1735
San Juan Capistrano, CA 92693
Telephone: (949) 547-7119

Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF ARKANSAS

JANE DOE as Next of Kin,

**PLAINTIFF,**

**vs.**

MARION COUNTY, Arkansas; JIM
COLLINS, an individual and in his
offical capacity as MARION COUNTY
CORONER,

**DEFENDANTS.**

Case No.:

**LETTERS OF ADMINISTRATION**

In the Matter of the Estate of Ronald
John Topa, Deceased

---

## LETTERS OF ADMINISTRATION

**BE IT KNOWN:**

That Sascha Topa, whose mailing address is PO Box 1735,

San Juan Capistrano, having been duly appointed

Administrator of the estate of Ronald John Topa and having

qualified as such Administrator, is hereby authorized to act as

such Administrator, for and on behalf of the estate aand to

take possession of the property thereof as authorized by law.

ISSUED the _____ day of _____ 2024

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

21

22

23

24

25

26

27

28

By: _____
      United States District Judge