IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANE DOE
as Next of Kin                                                                                                    PLAINTIFF

v.                                     Civil No. 3:24-cv-3035-SOH

MARION COUNTY, ARKANSAS;
JIM COLLINS,
Marion County Coroner;
UNIVERSITY OF ARKANSAS; and
STATE OF ARKANSAS                                                                               DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jane Doe ("Doe"),[1] has commenced this action against Defendants Marion County, Arkansas; Jim Collins ("Coroner Collins"), Coroner of Marion County; the University of Arkansas; and the State of Arkansas, alleging violations of 42 U.S.C. § 1983; the Arkansas Religious Freedom Restoration Act ("ARFRA") codified at A.C.A § 16-123-401; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961-1968. In addition to monetary damages, Doe seeks an injunction against Defendant Marion County and an order appointing Doe as administrator of her late father, Ronald John Topa's ("Topa") estate.

---

[1] In response to a Show Cause Order issued by this Court instructing Doe to explain why the case should not be recaptioned to reflect her legal name given that exhibits she attached to her Complaint contain her name, Doe indicated she was in the Safe at Home Program, California's victim/witness security program. *Doe v. Marion Cnty., Ark. and Jim Collins, Coroner of Marion Cnty., Ark.*, 3:24-cv-3035-SOH (W.D. Ark. Nov. 5, 2024) (ECF No. 17). She also reported caring for her elderly mother who was also in the program. (*Id*.). Accordingly, the case was not recaptioned.

1

This matter is presently before the Court for consideration of the Amended Motion for Judgment on the Pleadings filed by the Separate Defendants, Marion County and Coroner Collins, and Doe's Response in opposition. (ECF Nos. 22, 23, 25). The Hon. Susan O. Hickey, Chief United States District Judge, referred the matter to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1) and (3). (ECF No. 36).

## I. BACKGROUND

At all times relevant to the events in this case, Doe, an attorney licensed in California and Oregon, was domiciled in California. (ECF No. 1-2, p. 2). Topa was a resident of Marion County, Arkansas. (*Id*.). Because the facts provided by the parties are devoid of dates, the undersigned will do his best to recite the facts in a clear and concise manner.

Prior to January 2024, Topa died in Marion County, Arkansas.[2] (ECF No. 23, p. 8). He had no next of kin residing within the state. During a search for Topa's next of kin, Doe's sister, Sara, was identified. Both Coroner Collins and the Marion County Sheriff attempted to locate Sara, to no avail. (ECF No. 1-2, p. 3; ECF No. 23, p. 6). When no next of kin came forward, Topa's body was cremated. (ECF No. 1-2, p. 3).

On January 9, 2024, after Topa failed to respond to a holiday email, Doe phoned the Marion County Sheriff to request a welfare check on him. (ECF No. 1-2, p. 2). Thereafter, Coroner Collins informed Doe that her father was deceased and that his body had been cremated. (*Id*. at 3). He further advised that he had dispatched the Washington State Police to conduct a search for Sara without success. (*Id*. at 3).

---

[2] Defendants state that Topa died "many months" earlier, although they do not provide a definite date of death. (ECF No. 23, p. 8).

In a later email, the Marion County Sheriff advised Doe he had searched for Sara in Tulare County, California, to no avail. (ECF No. 1-2, p. 4). And Doe admits that she, too, had been unable to locate her sister and had reason to believe Sara might be the victim of identity theft/mail fraud. (*Id*.).

On January 29, 2024, and December 18, 2024, Doe filed lawsuits *pro se* and as Topa's next of kin in the Eastern District of Arkansas. (*Doe v. Marion Cnty., Ark., et al.*, 4:24-cv-00071-LPR (E.D. Ark. Jan. 29, 2024); *Doe v. Univ. of Ark., et al.*, 4:24-cv-1111-DPM (E.D. Ark. Dec. 18, 2024)). The cases were transferred to this District on August 14, 2024, and February 14, 2025, respectively. (Order Granting Motion to Transfer Case, *Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH (W.D. Ark. Aug. 14, 2024) (ECF No. 12) and Order Granting IFP and Transferring Case, *Doe v. Univ. of Ark., et al.*, 25-cv-3012-SOH (W.D. Ark. Feb. 14, 2025) (ECF No. 4)). While Defendants Marion County and Coroner Collins were served and have filed an Answer (Answer, *Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH (W.D. Ark. Jun. 12, 2024) (ECF No. 7)), there is no indication that a Summons was ever issued for the University of Arkansas or the State of Arkansas. (Docket Sheet, *Doe v. Univ. of Ark., et al.*, 25-cv-3012-SOH (W.D. Ark.)).

Separate Defendants, Marion County and Coroner Collins, filed their initial Motion for Judgment on the Pleadings on November 20, 2024. (*Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH, (W.D. Ark.) (ECF Nos. 19, 20)). Doe filed a Certification and Notice of Interested Parties on December 2, 2024, listing Roller-Burns Funeral Home, the State of Arkansas, the University of Arkansas, and the University of Texas as parties in the suit, but she failed to file or request permission to file an amended or supplemental complaint adding Roller-Burns Funeral Home or the University of Texas as defendants. (*Id*., ECF No. 21).

Realizing they had served Doe, a *pro se* Plaintiff, electronically, Defendants filed an Amended Motion for Judgment on the Pleadings on December 5, 2024, with a certificate of service indicating Doe was served via the United States Parcel Service. (*Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH, (W.D. Ark.) (ECF Nos. 22, 23). Five days later, Doe filed a response in opposition to the motion, arguing Defendants violated Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.2 when they attempted to serve her via electronic means, but otherwise provided no substantive argument. (*Id.*, ECF No. 25). On December 12, 2024, the Court entered a Text Only Order finding the Separate Defendants' initial Motion for Judgment on the Pleadings moot considering the filing of their amended motion. (*Id.*, No. 27).

Doe filed a Response on January 8, 2025, contending that the Order denying Defendants' original motion was improper because her Response was postmarked December 3, 2024, not December 10, 2024, as reflected on the docket. (*Id.*, ECF No. 33). She insists that because she had responded to the motion, Defendants were not entitled to file an amended motion without leave of court.[3]

On February 19, 2025, a *Sua Sponte* Order was entered consolidating the two cases and designating 3:24-cv-3035 as the lead case. (*Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH, (W.D. Ark. Feb. 19, 2025) (ECF No. 34) and *Doe v. Univ. of Ark., et al.*, 25-cv-3012-SOH (W.D. Ark. Feb. 19, 2025) (ECF No. 8)).

## II.    APPLICABLE STANDARD

A court may grant a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is

---

[3] Pursuant to Rule 15 of the Federal Rules of Procedure, a party is entitled to amend its pleading once as a matter of right no later than 21 days after serving it. Fed. R. Civ. Proc. 15(a).

entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). When ruling on a motion for judgment on the pleadings, the Court applies the same standard it would use to address a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "[T]he pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" are considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citation omitted).

To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, ... to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this

5

construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

In their Amended Motion for Judgment on the Pleadings, Marion County and Coroner Collins contend Doe lacks standing to bring suit on behalf of Topa and fails to state a claim upon which relief can be granted. For the reasons stated below, the undersigned agrees.

#### A.     STANDING

To the extent Doe seeks to proceed as Topa's next of kin, Defendants insist she lacks standing. When a party appears *pro se*, they appear on behalf of themselves. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). With few exceptions, a person may not appear *pro se* on behalf of another person or entity. *Id*. In fact, an administrator for an estate "may represent an estate in federal court **only** when they are the sole beneficiary and the sole creditor of the estate." *Jones ex rel. Jones v. Corr. Med. Serv., Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005).

In the present case, Doe has not been appointed administrator of her father's estate, as is evidenced by her request that this Court appoint her as such. Further, she has admitted she is not the only heir to her father's estate, acknowledging that she has a sister. Therefore, Doe does not have standing to bring this case as Topa's next of kin.

As to Doe's request that this Court appoint her as administrator of her father's estate, we lack jurisdiction to probate a will or administer an estate, as those matters are reserved to state probate courts. *Marshall v. Marshall*, 547 U.S. 293, 295 (2006) (reciting probate exception to federal jurisdiction); *Crain v. Crain*, 72 F.4th 269, 276-277 (8th Cir. 2023) (same). Therefore, her request should be denied.

### B. FAILURE TO STATE A CLAIM

Regarding the Section 1983 claims Doe asserts on her own behalf, Defendants insist she fails to state a claim upon which relief can be granted. In her Complaint, Doe alleges that Defendants intentionally concealed Topa's death and cause of death, intentionally failed to exercise due diligence to locate his next of kin and had cremated his body in violation of her due process rights pursuant to 42 U.S.C. § 1983 and her religious beliefs under the ARFRA. (Complaint, *Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH (W.D. Ark. Jan. 29, 2024) (ECF No. 1)).

### 1. 42 U.S.C. § 1983

Under § 1983 a "person" who deprives another of their Constitutional rights while acting under the color of state law is subject to civil liability. 42 U.S.C. § 1983. A defendant may be sued in either their individual capacity, or in their official capacity, or in both. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id*. 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id*. 502 U.S. at 25-27, 112 S.Ct. at 362.
> 152 F.3d at 914.

To prove a violation of substantive due process rights, a plaintiff must "show a government violation of a fundamental constitutional right so egregious that it shocks the contemporary conscience." *Plaintiff A. v. Park Hill School Dist.*, 97 F.4th 586, 591 (8th Cir. 2024). When a property interest is at stake, the Eighth Circuit has held that the Plaintiff must also show that there

was no "rational basis for the violation or that it was motivated by bad faith or ill will." *Id*. "Mere negligence can never be conscious-shocking and cannot support a claim alleging a violation of substantive due process." *Terry B. v. Gilkey*, 229 F.3d 680, 684 (8th Cir. 2000). Even gross negligence is not actionable under § 1983. *See Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness).

At the outset, neither party contests Coroner Collins' status as a state actor or Doe's right to the body of Topa as his daughter. Arkansas courts have found that the nearest relatives of a deceased individual have a quasi-property right to the body, which includes the right to possession and custody of the body for burial. *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 991 S.W.2d 591, 596 (Ark. 1999). Interference with this right is an actionable wrong. *Id*. (upholding directed verdict in favor of the deceased's family for tort of outrage against defendant who caused delay in burial of deceased).

There is also no question that Topa died in Marion County, Arkansas, and that his body went unclaimed until Doe's contact with officials in January 2024. The Arkansas Code describes the rights and responsibilities of the state when an individual passes away and their next of kin fails to claim their body. *See* A.C.A. § 20-17-701, et seq. Pursuant to the code, the person who assumes possession of the body must conduct a diligent search for relatives or next of kin of the deceased within five days of the death of the deceased. A.C.A. § 20-17-702(a)(1)(A) and (B). If the decedent is 18 years of age or older, the person conducting the search must also "conduct a diligent search with the Department of Veterans Affairs and the United States Department of Veterans Affairs to determine whether the deceased was a veteran" and verify whether the decedent is entitled to veteran interment benefits. A.C.A. § 20-17-702(c); A.C.A. § 20-17-1403(b)(2).

Despite these efforts, if the body remains unclaimed, the person in possession of the body must bury, cremate, or donate it within 10 days of death. A.C.A. § 20-17-702(e)(1).

Doe has not alleged sufficient facts to support any plausible individual or official capacity claims against the Defendants. A state is not a "person" within the meaning of 42 U.S.C. § 1983 and thus may not be sued under that statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Moreover, the Eleventh Amendment bars § 1983 suits against state governments in federal courts. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed. 2d 358 (1979). As an instrumentality of the state, the University of Arkansas is also immune from damage claims brought under § 1983. *See Doe v. Board of Trustees for University of Arkansas*, 2022 WL 17256158, *3 (W.D. Ark. Nov. 28, 2022); *Assaad-Faltas v. Univ. of Ark. for Med. Sci.*, 708 F. Supp. 1026, 1030 (E.D. Ark. Mar. 1, 1989).

Additionally, under the doctrine of qualified immunity, state actors are protected from civil liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Eighth Circuit has held that coroners are entitled to qualified immunity when performing their official duties for the state. *Lawyer v. Kernodle*, 721 F.2d 632, 635 (8th Cir. 1983). Thus, as to Doe's claims against Coroner Collins in his official capacity, he is entitled to qualified immunity. In following the Arkansas statutes, Coroner Collins did not violate a clearly established statutory or constitutional right of which a reasonable person would have known.

This leaves only Doe's individual capacity claims. Acting in accordance with state law, Defendants did conduct a search for Topa's next of kin and identified Doe's sister, Sara, as such. Despite attempts to contact Sara in Washington and California, Topa's body remained unclaimed.

As a result, his body was cremated in accordance with Arkansas law. It was not until late January 2024 when Doe inquired about her father that the Defendants were able to notify her that Topa had passed away and been cremated.

Doe argues that the Defendants failed to exercise due diligence in seeking out Topa's next of kin, and that this failure deprived her of her interest in her father's property. She insists that their last name was not common, and a search of her father would have inevitably led them to her. Aside from mere assertions, however, there is no evidence to show that the Defendants conducted an inadequate search. Their search identified Sara as his next of kin. And the parties agree she is his daughter. Further, they searched for her in two different states.

Even assuming Defendants' failure to find Doe's name in their search for Topa's next of kin did amount to a lack of due diligence, such a failure constitutes negligence at best. *See Dulany*, 132 F.3d at 1239 (holding "mere negligence … [is] insufficient to rise to a constitutional violation."). There is no evidence to indicate the Defendants intentionally failed to identify Doe as Topa's next of kin or sought to conceal his death.

Similarly, while it is not clear whether the Defendants contacted the Veterans Administration as instructed by the statute, there is no evidence to indicate that any such failure was intentional. Again, at most, Defendants were negligent. *Id*. As such, Doe's individual capacity claims must also fail.

### 2.    ARFRA CLAIM

In 2015, Arkansas adopted a RFRA to apply "in all cases in which free exercise of religion is substantially burdened." A.C.A. § 16-123-402(1). The Act provides that:

> (a) A government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, unless it is demonstrated that application of the burden to the person in this particular instance is:

10

> (1) Essential to further a compelling governmental interest; and
> (2) The least restrictive means of furthering that compelling governmental interest.

A.C.A. § 16-123-404(a)(1)-(2).

Although, there are no Arkansas appellate cases or Attorney General Opinions interpreting the ARFRA that this Court has been able to locate, the code provides that its interpretation should be consistent with the federal RFRA of 1993, 42 U.S.C. § 2000bb, federal case law, and federal jurisprudence. A.C.A. § 16-123-402(3); *Brown v. Arkansas Dept. of Finance and Admin.*, 180 F.Supp.3d 602, 617 (W.D. Ark. Apr. 8, 2016) (noting no cases interpreting ARFRA and applying AFRA analysis).

Doe alleges that Defendants' actions violated her "strongly held religious beliefs against cremating her father's body." (ECF No. 1-2, p. 7). Simply using the term "sincerely held religious beliefs," however, without stating any accompanying factual detail, is insufficient to state a plausible claim. *See Stephens v. Legacy-GoHealth Urgent Care*, 2023 WL 7612395, *4-6 (D. Or. Oct. 23), adopted as clarified by 2023 WL 7623865 (D. Or. Nov. 14, 2023) ("[g]eneral references to Christianity do not meet even a 'fairly minimal' burden at the pleading stage, as such allegations are conclusory and fail to plausibly suggest that a plaintiff's anti-vaccination beliefs are in fact religious"); *see also Rogers v. Nebraska Urban Indian Health Coalition, Inc.*, 2023 WL 2990720, *5 (D. Neb. Apr. 18, 2023) (finding allegation that taking COVID vaccine ran afoul of her "sincerely held religious beliefs," without more, was insufficient to state a claim in the context of religious discrimination). While it is not for the court to determine the reasonableness of Doe's alleged religious beliefs, we are not required to take her conclusory assertions of violation at face value. *See Bolden-Hardge v. Office of California State Collector*, 63 F.4th 1215, 1223 (9th Cir. 2023).

Even if Doe had pled facts sufficient to state an ARFRA claim, Defendants have sustained their burden of showing that their actions, in accordance with state law, were in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest. Under state law, the state is tasked with the disposition of unclaimed bodies by burial, cremation, or donation. A.C.A. § 20-17-702(e)(1). Defendants contend that "cremation of a deceased person's remains rather than burial, where the government is required to pay for such, particularly in a case where the decedent passes away many months before the plaintiff even attempts to contact the governmental officials involved furthers a compelling government interest in preserving government resources which are scarce. Burial is markedly more expensive, and there is no lesser restrictive means to further the government's interest . . .." (*Doe v. Marion Cnty., Ark., et al.*, 3:24-cv-3035-SOH (W.D. Ark. Feb. 19, 2025) (ECF No. 23, p. 8)). Requiring the state to bury all unclaimed bodies simply because an unknown family member might have a religious belief against cremation would certainly constitute an undue hardship. Therefore, even if Doe has stated a claim, we find that her ARFRA claim is subject to dismissal.

### 3. RICO CLAIM

Doe has made one additional claim against all Defendants that was not addressed in their Amended Motion for Judgment on the Pleadings; however, the Court may on its own initiative dismiss claims for failure to state a claim where a "plaintiff cannot possibly prevail, and amendment would be futile." *See Buckley v. Ray*, 848 F.3d 855, 867 n.9 (8th Cir. 2017); *Smith v. Boyd*, 945 F.2d 1041, 1042-1043 (8th Cir. 1991); *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam); and *Bucklew v. Lombardi*, 783 F. 3d 1120, 1127 (8th Cir. 2015).

Although all Defendants are not named in the caption of the case, Doe contends that Marion County, Coroner Collins, the University of Arkansas, and the State of Arkansas engaged in a

"pattern of racketeering activity" by committing conspiracy and fraud to conceal Topa's death and cause of death from her, the Department of Veteran's Affairs, and the Social Security Administration so they could declare his body unclaimed and benefit financially from having his body or body parts donated to the University of Arkansas for Medical Sciences ("UAMS"). (Complaint, *Doe v. Univ. of Ark., et al.*, 25-cv-3012-SOH (W.D. Ark.) (ECF No. 2)). RICO prohibits "any person employed by or associated with any enterprise engaged in ... interstate ... commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To establish a civil claim under RICO, a plaintiff must show that the defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (quoting *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)).

The Arkansas Code provides that the person in possession of an unclaimed body may notify the medical school that the body is available for "use in the advancement or study of medical science." A.C.A. § 20-17-703(a). The medical school is then required to retain the unclaimed body in a proper state of preservation for 15 days, at which time the next of kin may claim it for burial or cremation. A.C.A. § 20-17-707(a). If no claim is made, all rights and interest in the unclaimed body "shall be deemed to vest in the state for the benefit of the medical school" and any living next of kin "shall be deemed to have consented irrevocably to the use of the unclaimed body for the advancement or study of medical science." A.C.A. § 20-17-702(d).

Doe has not alleged that Topa's body, or any of his body parts, were ever donated to UAMS. The only information pled is that his body was cremated. Even if Topa's body was donated to UAMS, it was done in accordance with Arkansas law. Doe has failed to plead sufficient facts to

13

allow this Court to infer that Defendants were engaged in a pattern of illegal activity, much less racketeering activity, as that term is defined by statute. 18 U.S.C. § 1961(5).

Doe also argues that the Defendants refused to cooperate with FEMA when contacted in response to a claim Doe filed to restore her father's property after the "devastating hurricane in Arkansas earlier in 2024." This one-time act also fails to give rise to a RICO claim. *See* 18 U.S.C. § 1961(5) (a "pattern of racketeering activity" requires at least two acts of racketeering activity).

### IV. CONCLUSION

For the reasons and upon the authorities discussed above, it is RECOMMENDED that the Defendants' Amended Motion for Judgment on the Pleadings (ECF No. 22) be **GRANTED**, and it is further RECOMMENDED that Doe's RICO claim against the Defendants be DISMISSED, and the Clerk of Court should be directed to DISMISS this case WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of May 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE